IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

BRENDA G. HEARD                                                                    PLAINTIFF

vs.                                    CIVIL NO. 04-1122

JO ANNE B. BARNHART,
COMMISSIONER, SOCIAL SECURITY ADMINISTRATION                                       DEFENDANT

## MEMORANDUM OPINION

Brenda Heard ("plaintiff"), brings this action pursuant to § 405(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration denying her applications for disability insurance benefits ("DIB") and supplemental security income benefits ("SSI"), under Titles II and XVI of the Act.

**Background:**

The applications for DIB and SSI now before this court were filed on June 20, 2002, alleging disability since May 9, 2002,[1] due to elbow and hand problems, knee pain, hearing voices, and grinding her teeth. (Tr. 62-65, 96, 475-479). An administrative hearing was held on May 19, 2004. (Tr. 488-521). Plaintiff was present and represented by counsel.

At the time of the hearing, May 19, 2004, plaintiff was forty-two years old and possessed a ninth grade education. (Tr. 19). The record reveals that her past relevant work ("PRW"), includes work as a cashier, daycare aide, and janitor. (Tr. 19).

On September 18, 2004, the Administrative Law Judge ("ALJ"), rendered a decision finding

---

[1]Plaintiff previously filed an application for benefits on May 12, 1998, alleging an onset date of December 1997. (Tr. 18). However, the application was denied by the Administrative Law Judge on October 28, 1999, and the Appeals Council denied review on July 6, 2000. Plaintiff did not seek further review of this matter. (Tr. 18).

that plaintiff had a combination of impairments that were severe, but that these impairments did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. (Tr. 26). After discrediting plaintiff's subjective allegations, the ALJ concluded that she maintained the residual functional capacity ("RFC"), to perform a wide range of light exertional activities, limited by her inability to perform fine manipulation with her right-hand and inability to frequently climb, balance, kneel, crawl, stoop, and crouch. (Tr. 26). Further, he determined that she maintained the mental capacity to perform simple unskilled or semi-skilled activity; understand, follow, and remember concrete instructions; have superficial contact with supervisors, co-workers, and the general public; and, meet, greet, make change, and give simple instructions. The ALJ then found that plaintiff's PRW as a cashier was not precluded by her RFC, and that she could return to this position as it is generally performed in the local, regional, and national economy. (Tr. 26).

On December 4, 2004, the Appeals Council declined to review this decision. (Tr. 6-8). Subsequently, plaintiff filed this action. (Doc. # 1). The case is now before the undersigned by consent of the parties. Both parties have filed timely appeal briefs, and the case is now ready for decision. (Doc. # 5, 6).

**Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d

964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy

<mark>3</mark>

given her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920 (2003).

**Discussion:**

Of particular concern to the undersigned is the fact that the record does not contain a mental RFC assessment prepared by plaintiff's treating psychiatrist, Dr. Shailesh Vora. *See Vaughn v. Heckler*, 741 F.2d 177, 179 (8th Cir. 1984) (If a treating physician has not issued an opinion which can be adequately related to the disability standard, the ALJ is obligated to address a precise inquiry to the physician so as to clarify the record). The ALJ, in concluding that plaintiff could perform a significant range of light work, relied on the RFC assessments completed by non-examining medical consultants. (Tr. 23). We note, that the opinion of a consulting physician who examined the plaintiff once or not at all does not generally constitute substantial evidence. *See Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999).

The evidence reveals that plaintiff has sought treatment for depression since February 2002. (Tr. 166). For this, she was initially prescribed Prozac and Desyrel. (Tr. 165, 166, 174, 179, 256, 443). While the record does not indicate that plaintiff has been diagnosed with schizophrenia, it does reveal that she had reported hearing voices. (Tr. 446). This is of particular significance, given the fact that, in December 2003, plaintiff's psychiatrist began prescribing her Haldol. (Tr. 443). Haldol is a tranquilizer used to reduce the symptoms of mental disorders such as schizophrenia. *See Haldol*, *at* www.pdrhealth.com. Because the record does not make clear the exact reason for Dr. Vora's

4

prescription of this drug, other than to suggest it was due to the fact that plaintiff was hearing voices, we believe that remand is necessary to allow the ALJ to develop the record further concerning plaintiff's mental impairments.

The evidence also reveals that plaintiff was suffering from pain in her knee. On November 26, 2002, plaintiff complained of left knee pain. (Tr. 224). She described the pain as being in the anterior aspect of the knee, in the area of the patellar tendon. Dr. Gregg Massanelli noted some tenderness diffusely along the patellar tendon, as well as some very mild swelling along the prepatellar bursa. Because her x-rays were negative, Dr. Massanelli diagnosed plaintiff with patellar tendinitis with some prepatellar bursitis. For this, he prescribed a Medrol Dosepak, and physical therapy to begin the following week. (Tr. 224).

On April 26, 2004, plaintiff again complained of left knee pain, aggravated by movement. (Tr. 441). Dr. Alina Voinea noted tenderness on palpation of the lateral joint line of the knee, as well as tenderness with lateral provocation maneuvers for the lateral ligaments. She indicated that plaintiff's knee pain was compatible with a left knee ligament tear, and ordered an MRI. (Tr. 441). However, the record does not contain a copy of the MRI results, or a doctor's narrative, describing the findings. Because the ALJ concluded that plaintiff could sit, stand, and walk for six hours during an eight-hour workday, we believe that remand is necessary to allow the ALJ to develop the record further concerning plaintiff's potential standing and walking limitations.

Accordingly, on remand, the ALJ is directed to address interrogatories to the physicians, psychiatrists, and counselors who have evaluated and/or treated plaintiff, asking them to review plaintiff's medical records; to complete a mental and physical RFC assessment regarding plaintiff's

capabilities during the time period in question; and, to give the objective basis for their opinions, so that an informed decision can be made regarding plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period in question. *Chitwood v. Bowen*, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985).

Additionally, plaintiff submitted additional medical evidence to the Appeals Council. (Tr. 484-487). When the Appeals Council has considered new and material evidence and has, nonetheless, declined review, the ALJ's decision becomes the final action of the Commissioner. At this point, our task is only to decide whether the ALJ's decision is supported by substantial evidence in the record as a whole, including the new evidence deemed material by the Appeals Council that was not before the ALJ. As the United States Court of Appeals for the Eighth Circuit has noted, "this [is] a peculiar task for a reviewing court." *Riley v. Shalala*, 18 F.3d 619, 622 (8th Cir. 1994). However, once it is clear that the Appeals Council considered the new evidence, then we must factor in the evidence and determine whether the ALJ's decision is still supported by substantial evidence. This requires us to speculate on how the ALJ would have weighed the newly submitted evidence had they been available at the initial hearing. *Flynn v. Chater*, 107 F.3d 617, 622 (8th Cir. 1997). Thus, we have endeavored to perform this function with respect to the newly submitted evidence. *Id.*; *Mackey v. Shalala*, 47 F.3d 951, 953 (8th Cir. 1995).

The evidence presented to the Appeals Council was dated between July 2004, and October 2004. The ALJ's decision was not rendered until September 2004. Therefore, we find that this evidences relates to plaintiff's condition on or before the ALJ's decision. *Id*. Thus, the evidence is new. After reviewing these records, we also conclude that they are material to plaintiff's case.

In reviewing these additional medical records, it is clear that plaintiff began seeking treatment for a nodule in her right anterior neck in July 2004. (Tr. 485). By the end of July, she had been diagnosed with a right thyroid mass, and was referred to a specialist for a biopsy. (Tr. 486). The biopsy results were reportedly benign, but the record does not contain a pathology report. The only additional record concerning this mass was dated October 2004, and stated that a Dr. Tommey had performed a partial thyroidectomy on plaintiff, due to a "hot mass." (Tr. 487). The record does not contain any information regarding the surgery or plaintiff's prognosis. In the absence of said evidence, we cannot say that the ALJ's determination is supported by substantial evidence. As such, on remand, we believe that the record should be further developed concerning plaintiff's thyroid disorder. In so doing, the ALJ should request RFC assessments from Dr. Tommey, as well as Dr. Voinea, as they both treated plaintiff during this time. (Tr. 485-487).

## Conclusion:

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the plaintiff, should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

ENTERED this 28th day of February 2006.

/s/ Bobby E. Shepherd
HONORABLE BOBBY E. SHEPHERD
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)